Ramjattan v Auringer

2026 NY Slip Op 03011

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Chris Ramjattan, respondent,

v

Austin Auringer, et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2024-12528, (Index No. 709859/21)

Francesca E. Connolly, J.P.

Cheryl E. Chambers

Helen Voutsinas

Elena Goldberg Velazquez, JJ.

Kahana & Feld LLP, New York, NY (John F. Watkins of counsel), for appellants.

Ikhilov & Associates (Beth S. Gereg, Smithtown, NY, of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Phillip Hom, J.), entered September 27, 2024. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' affirmative defenses alleging comparative negligence.

ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' affirmative defenses alleging comparative negligence is denied.

The plaintiff commenced this action against the defendants to recover damages for personal injuries that he allegedly sustained when his vehicle collided with the defendants' vehicle at an intersection in Queens. The plaintiff moved, inter alia, for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence, contending that the defendants' negligence was the sole proximate cause of the accident. In an order entered September 27, 2024, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' affirmative defenses alleging comparative negligence.

"[T]he issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where the plaintiff moves for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence and culpable conduct on the part of the plaintiff" (Sapienza v Harrison, 191 AD3d 1028, 1029; see Fischetti v Simonovsky, 227 AD3d 670, 671; Karim v Proline Rental, LLC, 222 AD3d 851, 852).

Here, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law dismissing the defendants' affirmative defenses alleging comparative negligence, since the plaintiff's affidavit did not eliminate all triable issues of fact as to whether he was free from comparative negligence (see Lu Yan Li v Yong Hua Zhen, 232 AD3d at 873; Karim v Proline Rental, LLC, 222 AD3d at 852; Policart v Wheels LT, 221 AD3d at 922).

Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' affirmative defenses alleging [*2]comparative negligence without regard to the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).

CONNOLLY, J.P., CHAMBERS, VOUTSINAS and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court